# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DOROTHY R. DRAIN,  
    Plaintiff

Case No. 1:07-cv-690  
Beckwith, J.  
Hogan, M.J.

vs

JAMES NICHOLSON, et al.,  
    Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendants' motion to dismiss the individual defendants from this lawsuit (Doc. 9), to which plaintiff has not responded.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, her statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[1] The plaintiff's ground for relief

---

[1] The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

Plaintiff, an employee of the Veterans Administration Medical Center in Cincinnati, Ohio, brings this action against the Secretary of the Department of Veterans Affairs and individual defendant-employees Jeanette Criswell, Dorothy Dervin, Vynetta Barnett, and Patricia Mathis. Plaintiff's complaint alleges claims of racial discrimination from 2002 to the present, harassment, retaliation, and unjustified disciplinary actions. The complaint alleges that plaintiff filed several EEOC complaints in response to the actions taken against her. Although the complaint does not specify any statutory authority for her claims, construed liberally the complaint alleges employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

---

a complaint can withstand a dismissal motion. *Twombly,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46).

Plaintiff's Title VII claims against the individually named defendants should be dismissed because they cannot be held liable as defendants under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). In *Wathen*, the Sixth Circuit held, "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id. See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 n.1 (6th Cir. 2000). *See also Hiler v. Brown*, 177 F.3d 542 (6th Cir. 1999) (in Rehabilitation Act action against Secretary of Veterans Affairs and supervisors, individual supervisors could not be held personally liable for retaliation under the Rehabilitation Act). Plaintiff alleges no facts indicating defendants Jeanette Criswell, Dorothy Dervin, Vynetta Barnett, and Patricia Mathis qualify as employers under Title VII. Therefore, defendants' motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss the individual defendants (Doc. 9) be **GRANTED**.

Date: 12/13/07

Timothy S. Hogan
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOROTHY R. DRAIN,
    Plaintiff

Case No. 1:07-cv-690
Beckwith, J.
Hogan, M.J.

vs

JAMES NICHOLSON, et al.,
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dorothy R Drain<br>3285 Renfro Ave<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6547 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-01-M-2509 |

1:07cv690 (Doc. 17)