UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOROTHY R. DRAIN,
Plaintiff,

vs.

JAMES NICHOLSON, SECRETARY
DEPARTMENT OF VETERANS
AFFAIRS, et al.,
Defendants

Civil Action No. 1:07-cv-690
Beckwith, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an employee of the Veterans Administration Medical Center in Cincinnati, Ohio, brings this action pro se against the Secretary of the Department of Veterans Affairs alleging claims of racial discrimination, harassment, retaliation, and unjustified disciplinary actions.[1] The complaint, construed liberally, alleges employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

On November 19, 2008, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(d) based on plaintiff's failure to participate in the discovery process. (Doc. 33). Defendant states that on October 27, 2008, counsel sent plaintiff a letter seeking convenient dates for her deposition. Plaintiff failed to respond to this letter. On November 5, 2008, defendant filed a Notice of Deposition (Doc. 32) which was delivered by certified mail to plaintiff on November 6, 2008. (Doc. 32; Doc. 33, Exh. C). The services of a court reporter were secured for the deposition noticed for November 18, 2008. However, plaintiff neither contacted counsel for defendant nor appeared at her scheduled deposition. (Doc. 33, Decl. of Coombe and Decl. of

---

[1]By Order of January 10, 2008, plaintiff's complaint against the individual defendants was dismissed. (Doc. 19).

Cullina). Defendant also states that plaintiff has not engaged in any discovery in this matter. Defendant contends that plaintiff's failure to properly prosecute this case and to participate in the discovery process warrants a dismissal of her case. To date, plaintiff has not filed a response to the motion to dismiss.

On February 12, 2009, the Court ordered plaintiff to show cause in writing and within twenty days why she failed to appear at her scheduled deposition, and why this case should not dismissed for her failure to participate in the discovery process. (Doc. 34). The Court's Order was sent to plaintiff by certified mail. On March 9, 2009, the certified mail was returned by the U.S. Postal Service as "unclaimed" and "unable to forward." (Doc. 34). To date, plaintiff has not responded to the Court's Show Cause Order.

Rule 37(d), Fed. R. Civ. P., provides that sanctions, including dismissal, may be imposed if a party fails to appear for his or her deposition after being served with proper notice. In addition, the failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power to *sua sponte* dismiss civil actions. *See* Fed. R. Civ. P. 41(b). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Plaintiff has failed to appear for her deposition, to show cause for such failure, and to show cause why this case should not dismissed for her failure to participate in the discovery process. Nor has plaintiff responded to the Court's Show Cause Order. Accordingly, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice for her failure to participate in the discovery process and to respond to the Court's Order, and for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.

Date: 3/16/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOROTHY R. DRAIN,  
Plaintiff,

Civil Action No. 1:07-cv-690  
Beckwith, J.  
Hogan, M.J.

vs.

JAMES NICHOLSON, SECRETARY  
DEPARTMENT OF VETERANS  
AFFAIRS, et al.,  
Defendants.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee |
| | B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dorothy Drain<br>3285 Renfro Avenue<br>Cinti, OH 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4858 |
| PS Form 3811, August 2001 — Domestic Return Receipt | 102595-01-M-2509 |

1:07 cv 640   Doc. 36